UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| LINVILLE SCOTT DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:16-CV-286 |
| | ) | |
| V. | ) | |
| | ) | |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of Social Security, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*\*

Linville Scott Doyle brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for disability insurance benefits (DIB). The Court, having reviewed the record, will **AFFIRM** the Commissioner's decision as it is supported by substantial evidence.

**I.**

Judicial review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a de novo review,

1

resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard "allows considerable latitude to administrative decision makers" and "presupposes that there is a zone of choice within which the [decision makers] can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation and internal quotations omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotations omitted).

The ALJ, in determining disability, conducts a five-step analysis. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As

to the last step, the burden of proof shifts from the claimant to the Commissioner. *Id.; see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## II.

Plaintiff filed an application for disability insurance benefits (DIB) in September 2013, alleging that he became disabled in August 2013 (Tr. 175-78). After administrative denials (Tr. 81-113, 115-21) and a de novo hearing (Tr. 35-67), an ALJ denied his claim in May 2015 (Tr. 12-34). The agency's Appeals Council subsequently declined Plaintiff's request for review (Tr. 1-6), making the ALJ's decision the final agency decision for purposes of judicial review. *See* 20 C.F.R. § 404.981, 422.210(a) (2016).2 This appeal followed.

In early August 2013, Plaintiff saw Greg Grau, M.D., for an orthopedic evaluation for the "possibility" of pursuing disability (Tr 315). Plaintiff complained of multiple joint pain and numbness and tingling in his upper extremities, though the bulk of his symptoms were related to his cervical spine. Plaintiff also complained he was having difficulty performing his job secondary to his pain (Tr. 315). Dr. Grau recommended updated imaging studies to evaluate for progressive disc bulge to herniation.

On August 29, 2013, Dr. Grau noted that Plaintiff's recent neck MRI showed no worsening from his prior study. Plaintiff said

that his psychologist and primary care doctor had recommended he pursue disability (Tr. 319). Dr. Grau recommended Plaintiff see a pain management specialist and discussed the possibility of a functional capacity evaluation. He stated Plaintiff would follow up on an as needed basis (Tr. 321).

On January 30, 2014, Plaintiff's primary care doctor, Herbert W. Long, M.D., completed a form in which he stated that Plaintiff had chronic obstructive pulmonary disease (COPD), gastroesophageal reflux disease (GERD), tingling in his hands and feet, neck and low back pain, and arthritic pain. He noted that Plaintiff's neck x-rays showed cervical disc bulges and degenerative disc disease (Tr. 431). Dr. Long opined Plaintiff could lift and carry no more than 10 pounds, stand and walk no more than 10 minutes at a time or more than 30 minutes in an eight-hour workday, sit no more than 10 minutes at a time or more than 15 minutes in an eight-hour workday (Tr. 432-33). Dr. Long further opined Plaintiff could never stoop, crouch, or crawl; could occasionally climb, balance, and kneel; had limits in reaching, handling, feeling, pushing, and pulling and working around heights, moving machinery, temperature extremes, humidity, and vibration (Tr. 433). Dr. Long also assessed mental limitations and stated Plaintiff had poor or no ability to deal with the public, use judgment, deal with work stresses, function independently, and maintain attention and concentration (Tr. 434).

A polysomnography performed in May 2014, showed moderate obstructive sleep apnea (Tr. 578-84). In September 2014, Plaintiff told Shobhna Joshi, M.D., that he was sleeping well with a CPAP machine, but he still had difficulty sleeping because of pain. Plaintiff reported he continued smoking two packs of cigarettes a day (Tr. 569). On examination, Plaintiff had no motor or sensory deficits, normal reflexes, no muscle weakness or tenderness, and no joint swelling or decreased range of motion. He had normal breath sounds and his lungs were clear with no wheezes. Dr. Joshi advised Plaintiff to increase his sleep hours and recommended he lose weight (Tr. 570).

On January 15, 2015, Dr. Joshi prescribed an inhaler for Plaintiff (Tr. 567). The following month, cardiologist Ananth Kumar, M.D., evaluated Plaintiff for complaints of chest pain with activity (Tr. 534-35). In March 2015, an exercise stress test showed severe perfusion defect involving the inferior wall of the left ventricle (Tr. 586-87). Dr. Kumar assessed coronary artery disease and prescribed medications (Tr. 589).

During the administrative proceedings, state agency psychologists Laura Cutler, Ph.D., reviewed the record and concluded that Plaintiff could understand, remember, and carry out simple and detailed instructions; sustain attention for two-hour segments for detailed tasks; tolerate coworkers and supervisions with occasional contact with the public; and adapt to routine

changes as needed (Tr. 107). State agency physician Humidad T. Anzures, M.D., assessed limitations consistent with medium work with limited overhead reaching and avoidance of vibration (Tr. 103-04).

At the April 2015 hearing, Plaintiff testified that he could not lift more than five or 10 pounds because of arthritis in his upper extremities (Tr. 46). He complained of shortness of breath with physical labor (Tr. 56). Plaintiff estimated that he could sit for 15 minutes at a time, stand for 10 to 15 minutes at a time, and walk about 25 feet (Tr. 56). He also described having difficulties with lifting and using his hands (Tr. 57). Plaintiff testified he had difficulties with concentration and being around other people (Tr. 58). He reported that during a typical day, he hung around the house, used the computer, watched television, and listened to the radio (Tr. 59).

After carefully considering the entire record, the ALJ concluded in his May 2015 decision that Plaintiff had severe degenerative disc disease of the cervical spine, osteoarthritis, and anxiety disorder, but that his COPD and heart disease were not severe. The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work with restrictions on manipulative activities, exposure to vibration, social interaction, and cognitive demands (Tr. 20-21). Based on the vocational expert's testimony, the ALJ concluded that Plaintiff

could not perform his past relevant work, but could perform other medium, light, and sedentary jobs existing in the national economy in significant numbers, including lamination assembler, sorter, and dowel inspector (Tr. 28). Thus, he found Plaintiff not disabled (Tr. 29).

## III.

(1) **ALJ's Severe Impairments Determination**

Plaintiff alleges that the ALJ's decision is flawed because the ALJ found that his COPD and heart disease were not severe impairments at step two of the five-step sequential evaluation (see Pl. Br. 6-8). The ALJ analyzed Plaintiff's medical records as related to COPD and found that a pulmonary function study from 2010 showed evidence of minimal obstructive airways disease and a chest x-ray in 2014 revealed only mild changes (Tr. 18). He further found that physical examinations consistently showed lungs clear to auscultation; bilateral equal breath sounds; normal resonance; and no rales, rhonchi, or wheezes (*Id.*). From these records the ALJ reasonably concluded that Plaintiff's COPD is nonsevere because "there is no evidence that it significantly limits his ability to perform basic work activities." (*Id.*). The ALJ further analyzed the Plaintiff's medical records as related to heart disease and found that Dr. Kumar noted Plaintiff's coronary artery disease is controlled with a beta-blocker, and there is no

evidence in the record that it significantly limits his ability to perform basic work activities. (Tr. 19).

An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities and lasts for at least 12 continuous months. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii) (duration requirement), 404.1521(a) (standard for non-severe impairments). Controlling Sixth Circuit case law makes clear that failing to find an impairment severe does not merit remand so long as the ALJ identifies other severe impairments and continues with the sequential evaluation process. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (failure to find an impairment was severe not reversible error because there as a finding of other severe impairments); *Anthony v. Astrue*, 266 F. App'x 541, 457 (6th Cir. 2008) ("The ALJ specifically found that Anthony[] [had severe impairments.] The fact that some of Anthony's impairments were not deemed to be severe at step two is therefore legally irrelevant.").

Here, the ALJ did not stop at step two. Instead, he determined that Plaintiff had a number of severe impairments (Tr. 17). He then proceeded through the remaining steps of the sequential evaluation process (Tr. 17-28). And in formulating Plaintiff's residual functional capacity, the ALJ considered not just Plaintiff's severe impairments, but "all [Plaintiff's] symptoms" (Tr. 25). *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of

your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe."). As such, any alleged error at step two was harmless and does not merit remand. *See Maziarz*, 837 F.2d at 244.

Plaintiff fails to show that his COPD and heart disease caused any functional limitations that the ALJ did not account for (*see* Pl. Br. at 6-8). Plaintiff simply recounts his medical diagnosis, which the ALJ considered, and then recounted his own testimony regarding his symptoms. (*see* Pl. Br. at 7-8). *See* 20 C.F.R. § 404.1512(a) (Plaintiff must present objective medical evidence.). The relevant inquiry is what functional limitations Plaintiff experiences, not what symptoms Plaintiff experiences. *See* 20 C.F.R. § 404.1545(a) (RFC is the most a claimant can do despite his impairments).

**(2) Medical Opinions**

In all cases, the treating physician's opinion is entitled to great deference even if not controlling. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007). Failure to comply with the agency's rules warrants remand unless it is harmless error. *Wilson v. Comm'r of Soc. Sec.*, 878 F.3d 541 (6th Cir. 2004). Plaintiff argues the ALJ failed to follow these rules in evaluating the medical opinion evidence in this case.

In assessing Plaintiff's RFC, the ALJ considered the evidence as a whole, including medical source opinions (Tr. 22-27). He

ultimately gave only little weight to Dr. Long's January 2014 opinion that Plaintiff's pain resulted in extreme functional limitations (Tr. 26, *see* Tr. 431- 34). The only inquiry for the Court is whether the ALJ's decision is supported by substantial evidence. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed).

Treating physician opinions may be entitled to controlling weight, but only if they are well supported by medically-acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence. *See* 20 C.F.R. § 404.1527(c)(2). If not entitled to controlling weight, there is a rebuttable presumption that treating physicians are entitled to deference. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). However, treating physician opinions are not entitled to deference when they are conclusory or not supported by objective medical evidence. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Rather, "[i]f the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors— namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the

opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544.

Plaintiff argues that the ALJ "indicated" Dr. Long's report was based "solely" on Plaintiff's complaints and cervical x-ray, but that it was actually based on "numerous physical examinations" of Plaintiff (Pl.'s Br. 9). Contrary to Plaintiff's argument, the ALJ was correct that Dr. Long's opinion was based on Plaintiff's own complaints of pain. The ALJ noted the MRI upon which Dr. Long based his opinion was unremarkable, which was inconsistent with Dr. Long's opinion of Plaintiff's limitations. (Tr. 30). Where the form asks for the medical findings supportive of his opinion, Dr. Long discussed Plaintiff's reports of pain. For instance, he stated Plaintiff could not lift and carry more than 10 pounds because it was "very painful to pick up heavy items." Dr. Long related Plaintiff's complaints that standing for long times can cause pain in his hip and back, to justify his opinion that Plaintiff could stand and walk only 30 minutes in an eight-hour workday and for only 10 minutes at a time (Tr. 432). These are not objective findings. Accordingly, the ALJ reasonably rejected Dr. Long's opinion. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); *Dyer v. Soc. Sec. Admin*, 568

F.App'x 422, 425 (6th Cir. 2014) (the opinion of a treating source may be discounted "where that opinion was inconsistent with other evidence of record or the assessment relied on subjective symptoms without the support of objective findings.").

**IV.**

The Court having found no legal error on the part of the ALJ and that his decision is supported by substantial evidence, the Acting Commissioner's final decision is **AFFIRMED**.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (DE 12) be, and the same hereby is, **DENIED** and the Commissioner's motion for summary judgment (DE 14) be, and the same hereby is, **GRANTED**.

A separate judgment in conformity herewith shall this date be entered.

This the 30th day of August, 2018.